SARGEANT *v*. MEAD *et al*.

*(Supreme Court, General Term, Third Department.* May 17, 1888.)

JUDGMENT—COLLATERAL ATTACK—SERVICE OF PROCESS.

A judgment in a former action having been pleaded as *res adjudicata*, the testimony of the plaintiff in the later action, denying that she had been served with the summons and complaint in the former, will not prevail against the officer's certificate of service, supported by his positive testimony, and it is immaterial that such certificate was not regularly made.[1]

Appeal from special term, Greene county; SAMUEL EDWARDS, Justice.

Action by Catharine E. Sargeant to foreclose a mortgage made by Marguerite Yenne and Louis Yenne, her husband; William D. Mead, Jr., and Lena Mead, his wife, William D. Mead and Charlotte Mead, his wife, Juliet Brown and Horace W. Brown, as administrators of Isaac Brown, being made defendants as subsequent purchasers or incumbrancers. The defendants other than the Yennes unite in an answer pleading in bar of plaintiff's action the foreclosure of a prior unrecorded mortgage by an action to which she was made a party defendant, and in which she was served with the summons and complaint, the sale of the premises under such foreclosure to the defendant Charlotte Mead, who afterwards conveyed to the defendant William D. Mead,

---

[1]Respecting the grounds on which a judgment may be collaterally attacked, see Mc-Carter v. Neil, (Ark.) 6 S. W. Rep. 731, and note; Nicholson v. Nicholson, (Ind.) 15 N. E. Rep. 223; Decker v. Decker, (N. Y.) Id. 307; Comer v. Bray, (Ala.) 3 South. Rep. 554; In re Newman's Estate, (Cal.) 16 Pac. Rep. 887; Davis v. Robinson, (Tex.) 7 S. W. Rep. 749; Fowler v. Brooks, (N. H.) 13 Atl. Rep. 417; Harwood v. Wylie, (Tex.) 7 S. W. Rep. 789; Lyons v. Hamner, (Ala.) 4 South. Rep. 26; Brittain v. Mull, (N. C.) 6 S. E. Rep. 382; Johnson v. Johnson, (Mich.) 37 N. W. Rep. 712; Hodgdon v. Railroad Co., (Cal.) 17 Pac. Rep. 928; Knott v. Taylor, (N. C.) 6 S. E. Rep. 788.

Jr., by whom a mortgage was executed to Isaac Brown. Plaintiff replied, denying that she was served with the summons and complaint in that action. On the trial it appeared that those papers had been served by one Rosengarden, who was a special deputy of the sheriff in and for the county of Kings, in which they were served, and that the certificate of service was made in the name of the sheriff by the deputy in charge of the certificates. Mrs. Sargeant testified that she had never been served with those papers, and had never, previously to the trial, seen Rosengarden; while the latter testified that, on the day specified in the certificate, he had delivered the papers to a woman, who informed him that she was Mrs. Sargeant, and whom he found in the apartments of which Mrs. Sargeant testified that she was then the sole occupant. From a judgment in favor of defendant the plaintiff appeals.

Argued before LANDON and INGALLS, JJ.

James B. Olney, for appellant. Hallock, Jennings & Chase, for respondents.

PER CURIAM. If the plaintiff was served with the summons and complaint in the action brought by Mead to foreclose the Dumond mortgage, then, plainly, she cannot maintain this action. That complaint set forth the clause in the deed to Marguerite Yenne which stated the Dumond mortgage, and by which she assumed it. That complaint also averred the actual knowledge by the present plaintiff, Sargeant, at the time of taking her mortgage, of the existence of the Dumond mortgage. That complaint demanded that the Dumond mortgage should be adjudged prior in lien to that of the present plaintiff. Thus the only question is whether the present plaintiff was in fact served with the summons and complaint in the Mead action. Whether the certificate was or was not regularly made, being signed by Thorn in the name of the sheriff, is not the real question. If Mrs. Sargeant was in fact served, that is enough. On that point we have first the officer's certificate, presumed to be true. Next the positive testimony of Rosengarden that he served the summons and complaint on Mrs. Sargeant. To this is opposed that of an interested party. We think the decision of the learned justice on this question of fact was correct. Judgment affirmed, with costs.